IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SAMRIT OUNYOUNG; AILYN T. OUNYOUNG,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION; ONEWEST BANK FSB; DOES INCLUSIVE 1-100,<br><br>Defendants. | CIVIL NO. 12-00322 LEK-KSC |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFF'S VERIFIED COMPLAINT FILED JUNE 4, 2012**

Before the Court is Defendants Onewest Bank FSB ("Onewest") and Federal Home Loan Mortgage Corporation's ("FHLMC", collectively "Defendants") Motion to Dismiss Plaintiff's Verified Complaint Filed June 4, 2012 ("Motion"), filed on August 1, 2012. Plaintiffs Samrit Ounyoung and Ailyn T. Ounyoung ("Plaintiffs") filed their memorandum in opposition on October 15, 2012, and Defendants filed their reply on October 22, 2012. This matter came on for hearing on November 7, 2012. Appearing on behalf of Defendants was Charles Prather, Esq., and appearing on behalf of Plaintiffs was Erika Hunter, Esq. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Defendants' Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

Plaintiffs filed their verified complaint in this action ("Complaint") on June 4, 2012. According to the Complaint, on January 29, 2012, Plaintiffs executed a Note and Mortgage in favor of Indymac Bank FSB ("Indymac") for 76-6209 Leone Place, Kailua Kona, Hawai`i 96740 ("Property"). [Complaint at ¶¶ 12, 16.]

Plaintiffs state that, as of January 9, 2009, they were "continu[ing] to correspond with INDYMAC BANK as to getting a modification in order to stay in their home." [Id. at ¶ 18.] On or around September 14, 2009, Onewest filed a Notice of Mortgagee's Intention to Foreclose Under Power of Sale ("Foreclosure Notice") with the Bureau of Conveyances. The Foreclosure Notice identified Onewest as the mortgagor. [Id. at ¶¶ 19, 23.] Plaintiffs allege that, at the time Onewest filed the Foreclosure Notice and when Onewest held the foreclosure sale on March 23, 2011, Plaintiffs were "in the process of applying and awaiting the results of a loan modification . . . ." [Id. at ¶¶ 13, 21.] Indymac allegedly assured Plaintiffs that "the non-judicial foreclosure action would be held in abeyance pending the modification efforts," but Onewest sold the Property to itself and then deeded it to FHLMC. [Id. at ¶ 26.] An Affidavit of Foreclosure was filed on April 5, 2011, and FHLMC initiated an ejectment action in a state district court on August 25, 2011.

The state district court granted summary judgment in favor of FHLMC. [Id. at ¶ VI.]

Plaintiffs allege that Indymac "never sold, transferred, or granted his Note or Mortgage to Defendant" and that Onewest "failed to provide any evidence to verify the owner and amount of Plaintiff's Mortgage or validate the claim to Plaintiff's debt obligation." [Id. at ¶ 17.] Plaintiffs do not assert that they are parties or beneficiaries to the purported assignment from Indymac to Onewest, but they argue that, because there was no assignment, Onewest cannot claim any interest in the Property. [Id. at ¶ 20.] Plaintiffs argue that Onewest's collection of Plaintiffs' mortgage payments and Onewest's foreclosure on the Property are illegal and deceptive. [Id. at ¶ 24.] Plaintiffs also argue, in their background allegations, that Onewest's foreclosure process violated Haw. Rev. Stat. §§ 667-5 through 667-10. Thus, Plaintiffs contend that the power of sale, the Foreclosure Affidavit, and the foreclosure deed are void. Plaintiffs allege that Defendants knew they were not acting on behalf of the current beneficiary of the Note and Mortgage. [Id. at ¶¶ 27-37.]

Plaintiffs allege that they relied on Onewest's or its servicer's misrepresentations and that they have suffered damages, including *inter alia* having the title to their home clouded and rendered unmarketable and losing their home in a non-

judicial foreclosure sale and an ejectment action. [Id. at ¶ 21.] Plaintiffs also argue that FHLMC filed the ejectment action in a state district court that did not have jurisdiction to determine issues of title. [Id. at ¶ 39.] Plaintiffs state that they have "offered to and [are] ready, willing and able to unconditionally tender [their] obligation." [Id. at ¶ 47.]

The Complaint alleges the following claims: claims for declaratory and injunctive relief to quiet title and determine the status of Defendants' interest, if any, in the Property ("Count I"); violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, ("Count II"); and accounting ("Count III"). Plaintiffs seek the following relief: compensatory, special, and general damages; punitive and exemplary damages; an order compelling Defendants to remove any cloud on Plaintiffs' title to the Property; an order determining that Defendants have no legal rights to the Property, the Note, or the Mortgage; a restraining order preventing Defendants from instituting any action against the Property during the pendency of this case; disgorgement of the amounts Defendants wrongfully took from Plaintiffs, plus interest; attorneys' fees and costs; and any other appropriate relief.

## I. Motion

In the instant Motion, Defendants first argue that the portion of Count I seeking declaratory relief improperly seeks

review of past wrongs which allegedly occurred during the underlying non-judicial foreclosure action. They also note that, in this district, it is well-settled that a claim for injunctive relief cannot stand on its own. [Mem. in Supp. of Motion at 3-4.] As to the portion of Count I alleging quiet title, Defendants argue that, in order to bring such a claim, a plaintiff "must allege that he or she has 'satisfied their obligations under the deed of trust.'" [Id. at 4-5 (quoting Wagner v. Aurora Loan Servicing, 2011 WL 6819041, at *12 (D. Haw. Dec. 27, 2011)).] Defendants therefore argue that this Court must dismiss Count I.

As to Count II, Defendants argue that the claim is limited to actions associated with the non-judicial foreclosure, and this district court has recognized that a non-judicial foreclosure is not an attempt to collect a debt. [Id. at 5 (quoting Soriano v. Wells Fargo Bank, N.A., 2012 WL 1536065, at *9 (D. Haw. Apr. 30, 2012)).] Defendants therefore argue that this Court must dismiss Count II.

As to Count III, Defendants argue that there is no legal basis for a claim for an accounting because there is no allegation in the Complaint that there was a confidential or trust relationship between Plaintiffs and Defendants, nor is there any allegation that an accounting is necessary because there is no adequate remedy at law. [Id. at 5-6 (quoting Lee v.

Mortgage Elec. Registration Sys., Inc., 2012 WL 2467085, at *7 (D. Haw. June 27, 2012)).] Defendants therefore argue that this Court must dismiss Count III.

**II. Memorandum in Opposition**

In their memorandum in opposition, Plaintiffs first argue that, if this Court dismisses Plaintiffs' claims for declaratory and injunctive relief as mere requests for relief which are duplicative other causes of action, this Court must allow Plaintiffs to amend their Complaint to allege a claim for wrongful foreclosure in violation of Haw. Rev. Stat. § 667-5. They assert that the Complaint contains sufficient factual allegations to sustain a wrongful foreclosure claim, and Plaintiffs emphasize that Hawai`i case law requires strict compliance with the requirements of § 667-5. Plaintiffs state that they have properly alleged Defendants' failure to provide the necessary notices. In fact, Plaintiffs allege that Onewest does not even qualify as a mortgagee. [Mem. in Opp. at 3-5.]

Plaintiffs also argue that this Court should allow them to amend their Complaint to allege a claim for breach of contract and a promissory estoppel claim because the Complaint alleges that Plaintiffs "were promised that a nonjudicial foreclosure action would not be held pending a loan modification review, and said auction was held anyway[.]" [Id. at 5.]

As to the portion of Count I alleging a quiet title claim, Plaintiffs emphasize that they are not alleging that they satisfied any obligations under a deed of trust, and they are not alleging that the trustee failed to transfer title in violation of a contract. They merely argue that their Property was wrongfully foreclosed upon, and they have a right to have their title restored and to continue making the monthly mortgage payments provided for in the mortgage contract. Plaintiffs urge this Court to allow them to pursue their claim for quiet title pursuant to Haw. Rev. Stat. § 669-1. [Id. at 5-6.]

Plaintiffs argue that this Court should deny the Motion or, at the very least, to grant them leave to amend.

**III. Reply**

In their reply, Defendants note that, at the time Plaintiffs filed the memorandum in opposition, they were still represented by Damon Senaha, Esq., and two days after the filing of the memorandum in opposition, Plaintiffs filed a withdrawal and substitution of counsel. Defendants state that Plaintiffs' new counsel appears to be pursing a new litigation course and new causes of action. Thus, the memorandum in opposition is effectively a motion for leave to amend. Defendants, however, emphasize that Plaintiffs have not filed a motion for leave to amend. [Reply at 2.]

The only claim that Defendants address in the reply is the portion of Count I requesting quiet title. Defendants emphasize that this district court has recognized that tender is required regardless of what the instrument of debt is and that all quiet title claims require an allegation of ability to tender. [Id. at 3 (citing Klohs v. Wells Fargo Bank, N.A., 2012 WL 4758126, at *7 (D. Haw. Oct. 4, 2012)).]

**DISCUSSION**

Prior to the hearing on the Motion, the Court issued an inclination directing the parties to address whether Plaintiffs' claims in the instant case are precluded because of the res judicata, or claim preclusion, effect of the state court ejectment action.

This Court has stated:

> This Court must look to Hawai`i law to determine whether the Judgment and Interlocutory Decree of Foreclosure has preclusive effect. See Bumatay v. Fin. Factors, Ltd., Civil No. 10-00375 JMS/LEK, 2010 WL 3724231, at *4 (D. Hawai`i Sept. 16, 2010) (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.")). Hawai`i state courts use the term "claim preclusion" instead of *res judicata*. Id. at *4 n.3 (citing Bremer v. Weeks, 104 Haw. 43, 53, 85 P.3d 150, 160 (2004)).
>
>> Under Hawaii law, claim preclusion prevents a party from relitigating "not only . . . issues which were actually litigated in [a prior] action, but also

> > . . . all grounds of claim and defense which might have been properly litigated in the [prior] action." See Aganos v. GMAC Residential Funding Corp., 2008 WL 4657828, at *4 (D. Haw. Oct. 22, 2008) (quoting Bremer v. Weeks, 104 Haw. 43, 53, 85 P.3d 150, 160 (2004)).
>
> Id. at *4 (alterations in original).
>
> As the parties asserting claim preclusion, the Moving Defendants have the burden of establishing that: "'(1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question.'" Id. at *5 (quoting Bremer, 104 Haw. at 54, 85 P.3d at 161).

Radford v. U.S. Bank N.A., No. CV 10–00766 LEK–KSC, 2011 WL 4054863, at *7 (D. Hawai`i Sept. 9, 2011) (alterations in Radford).

**I. Final Judgment**

According to the docket sheet in the ejectment action, the state district court granted summary judgment in favor of FHLMC on May 3, 2012 and issued a Judgment for Possession and a Writ of Possession on the same day. Actions in the state district courts are subject to appeal. See Haw. Rev. Stat. § 604-5(b) ("The district courts shall try and determine all actions without a jury, subject to appeal according to law."). The respondents in the ejectment action, including Plaintiffs, could have appealed from the order granting summary judgment, the judgment of possession, and the writ of possession. See, e.g.,

Deutsche Bank Nat'l Trust Co. v. Peelua, 126 Hawai`i 32, 35, 265 P.3d 1128, 1131 (2011) (respondent filed notice of appeal following judgment of possession which, *inter alia*, ordered that writ of possession be issued); Miyasaki v. Frank's Auto Paint, Inc., No. 29959, 2010 WL 3819571, at *1 (Hawai`i Ct. App. Sept. 29, 2010) (appeal from summary judgment orders, judgment of possession/ejectment, and writ of possession/ejectment).

Neither Plaintiffs nor any of the other respondents in the ejectment action filed a notice of appeal within thirty days. See Haw. R. App. P. 4(a)(1) ("When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order."). The Court therefore finds that there was a final judgment in the ejectment action for res judicata/claim preclusion purposes. See Radford, 2011 WL 4054863, at *8.

**II. Identity of the Parties**

Second, in order for res judicata/claim preclusion to apply, the parties in the instant case must be the same as the parties in the ejectment action, or they must be in privity with the parties in the ejectment action. See id. This factor is met as to Plaintiffs and FHLMC because they were parties in the ejectment action. See id. (some citations omitted) (citing Albano v. Norwest Fin. Haw., 244 F.3d 1061, 1064 (9th Cir. 2001) (finding the "same parties" prong of the res judicata test

"pellucid" where the same parties to the state foreclosure proceeding appeared in a federal action)).

Onewest was not a party to the ejectment action. This Court, however, has recognized that:

> Under Hawai`i law, the concept of privity has moved from the conventional and narrowly defined meaning of mutual or successive relationship[s] to the same rights of property to merely a word used to say that the relationship between one who is a party of record and another is close enough to include that other within res adjudicata.

Id. at *9 (alteration in Radford) (quotation marks and some citations omitted) (citing In re Dowsett Trust, 7 Haw. App. 640, 646, 791 P.2d 398, 402 (Haw. App. 1990)).

Insofar as Onewest was the foreclosing mortgagee which deeded the Property to FHLMC, this Court finds that there is sufficient closeness between Onewest and FHLMC to render them in privity. This Court therefore finds that the identity of the parties requirement is satisfied as to all parties.

**III. Identical Claims**

The final requirement for res judicata/claim preclusion is that the claim that was decided in the ejectment action is identical to the one presented in the instant case. See id. (citation omitted).

> "To determine whether a litigant is asserting the same claim in a second action, the court must look to whether the 'claim' asserted in the second action arises out of the same transaction, or series of connected transactions, as the 'claim' asserted in the first action." Kauhane v. Acutron

> Co., 71 Haw. 458, 464, 795 P.2d 276, 279 (1990) (citing Restatement (Second) of Judgments § 24 (1982)). That is, claims arising out of the same transaction "constitute the same 'claims' for [claim preclusion] purposes." Id. Moreover, claim preclusion "applies if the issues 'could have been raised in the earlier state court actions.'" Albano [v. Norwest Fin. Hawaii, Inc.], 244 F.3d [1061,] 1064 [(9th Cir. 2001)] (citations omitted); see also Bremer, 104 Haw. at 53, 85 P.3d at 160 (observing that under Hawaii law "[t]he judgment of a court of competent jurisdiction . . . precludes the relitigation . . . of all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided").

Id. (alterations in Radford) (citation omitted).

The ejectment action and the instant case involve the same series of connected transactions, *i.e.* Plaintiffs' alleged default on their loan, the foreclosure on the Property, and the purported new title-holder's attempt to take possession of the Property. Plaintiffs, however, argue that the ejectment action and the instant case do not involve identical claims because FHLMC brought the ejectment action in a state district court, which did not have jurisdiction to decide the dispute over the propriety of FHLMC's title.

Haw. Rev. Stat. § 604-5(d) does state, in pertinent part, that: "The district courts shall not have cognizance of real actions, nor actions in which the title to real estate comes in question[.]" See also Haw. Rev. Stat. § 604-6 ("Nothing in section 604-5 shall preclude a district court from taking jurisdiction in ejectment proceedings where the title to real

estate does not come in question at the trial of the action. . . ."). A defendant in an ejectment action, however, can "assert, as a defense to the jurisdiction of a district court, that the action is one in which title to real estate will come into question[.]" Peelua, 126 Hawai`i at 36, 265 P.3d at 1132. Rule 12.1 of the Hawai`i District Court Rules of Civil Procedure states:

> Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

In the ejectment action, the state district court ultimately determined that FHLMC was entitled to possession of the Property and to eject the respondents, including Plaintiffs, from the Property. While the state district court could not rule upon a challenge to FHLMC's title to the Property, if Plaintiffs had properly raised the issue pursuant to Hawai`i District Court Rule of Civil Procedure 12.1, the district court would have dismissed the ejectment action for lack of jurisdiction. FHLMC then could have brought the action in state circuit court, which

would have had jurisdiction to rule upon a challenge to FHLMC's title. Cf. Norwest Bank Minn. v. Failauga, No. 26947, 2007 WL 4532127, at *1 (Hawai`i Dec. 21, 2007) (appeal from ejectment action brought in state circuit court). Thus, although Plaintiffs' challenge to FHLMC's title was not actually litigated or decided in the ejectment action, because Plaintiffs could have raised the title issues in the ejectment action, this Court finds that the identical claims requirement of the res judicata/claim preclusion doctrine is satisfied. See Radford, 2011 WL 4054863, at *9 (citing Albano, 244 F.3d at 1064; Bremer, 104 Haw. at 53, 85 P.3d at 160).

This Court finds that all of the requirements of the res judicata/claim preclusion doctrine are satisfied, and therefore all of Plaintiffs' claims in the instant case are barred by the res judicata/claim preclusion effect of the ejectment action. Insofar as all of Plaintiffs' claims are barred, Plaintiffs have failed to "state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Further, dismissal with prejudice is appropriate because Plaintiffs cannot cure this defect through any amendment. See Radford, 2011 WL 4054863, at *11.

## CONCLUSION

On the basis of the foregoing, Defendants' Motion to Dismiss Plaintiff's Verified Complaint Filed June 4, 2012, which

Defendants' filed on August 1, 2012, is HEREBY GRANTED and this Court HEREBY DISMISSES all of Plaintiffs' claims WITH PREJUDICE. The Court DIRECTS the Clerk's Office to close the case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 21, 2012.




/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**SAMRIT OUNYOUNG, ET AL. V. FEDERAL HOME LOAN MORTGAGE CORPORATION, ET AL; CIVIL NO. 12-00322 LEK-KSC; ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT FILED JUNE 4, 2012**