IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SAMRIT OUNYOUNG; AILYN T. OUNYOUNG, | ) ) ) | CIVIL 12-00322 LEK-KSC |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION; ONEWEST BANK FSB; DOES INCLUSIVE 1-100,, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER DENYING PLAINTIFFS' MOTION FOR
RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' VERIFIED COMPLAINT**

Before the Court is Plaintiffs Samrit Ounyoung and
Ailyn T. Ounyoung's ("Plaintiffs") Motion for Reconsideration of
the Court's Order Granting Defendants' Motion to Dismiss
Plaintiffs' Verified Complaint Filed June 4, 2012 ("Motion"),
filed on December 5, 2012.  Defendants Federal Home Loan Mortgage
Corporation ("FHLMC") and Onewest Bank FSB ("Onewest",
collectively, "Defendants") filed their memorandum in opposition
to the Motion ("Memorandum in Opposition") on December 24, 2012,
and Plaintiffs filed their reply to the Memorandum in Opposition
("Reply") on January 10, 2013.  The Court finds this matter
suitable for disposition without a hearing pursuant to Rule
LR7.2(d) of the Local Rules of Practice of the United States
District Court for the District of Hawai`i ("Local Rules").
After careful consideration of the Motion, supporting and

opposing memoranda, and the relevant legal authority, Plaintiffs'
Motion is HEREBY DENIED for the reasons set forth below.

<u>**BACKGROUND**</u>

The relevant factual and procedural background in this
case is set forth in this Court's November 21, 2012 Order
Granting Defendants' Motion to Dismiss Plaintiff's Verified
Complaint Filed June 4, 2012 ("11/21/12 Order").  2012 WL
5880673.

Plaintiffs seek reconsideration of the 11/21/12 Order
in which this Court concluded that all of Plaintiff's claims were
barred by the res judicata/claim preclusion effect of the
ejectment action in the state district court.  First, the Court
found that the state district court judgment was final: the state
court granted summary judgment in favor of FHLMC on May 3, 2012
and issued a Judgment for Possession and a Writ of Possession on
the same day.  Actions in the state district courts are subject
to appeal; however, neither the Plaintiffs nor any of the other
respondents in the ejectment action filed a notice of appeal
within thirty days.  The Court therefore found that there was a
final judgment in the ejectment action for res judicata/claim
preclusion purposes.  <u>Id.</u> at *4.

Second, the Court found that the parties in the instant
case were the same as or in privity with the parties in the
ejectment action: Plaintiffs and FHLMC were parties in the

ejectment action, and Onewest is in privity with FHLMC.  Id. at
*5.

Third and finally, the Court found that the claim
decided in the ejectment action was identical to the one
presented in the instant case.  The ejectment action and the
instant case involved the same series of connected transactions
(i.e. Plaintiffs' alleged default on their loan, the foreclosure,
and the purported new title-holder's attempt to take possession).
The Court rejected Plaintiffs' argument that the ejectment action
and the instant case did not involve identical claims because
FHLMC brought the ejectment action in a state district court,
which did not have jurisdiction to decide the dispute over the
propriety of FHLMC's title.  Plaintiffs could have raised the
challenge to FHLMC's title, thus causing the district court to
dismiss the ejectment action for lack of jurisdiction.  Id. at
*5-6 (citing Haw. Rev. Stat. § 604-5(d)).  The Plaintiffs,
however, failed to do so.  The Court thus found that, because
Plaintiffs could have raised the title issues in the ejectment
action, the identical claims requirement was satisfied.  As such,
the Court found that res judicata/claim preclusion barred the
Plaintiffs' claims and dismissed with prejudice the Verified
Complaint.  Id. at *6.

In the instant Motion, Plaintiffs seek reconsideration
of the 11/21/12 Order on the grounds that Plaintiffs have

submitted a Hawai`i District Court Rules of Civil Procedure Rule
60(b) Motion for Relief from Judgment to the North/South Kona
Division of the Hawai`i Third Circuit Court requesting that the
court vacate its earlier judgment granting FHLMC's Motion for
Summary Judgment in the ejectment action.  Plaintiffs argue that
the state district court case will likely be dismissed due to a
lack of jurisdiction and that this Court should thus reconsider
its 11/21/12 Order.  Plaintiffs therefore ask that this Court
reverse its judgment in the 11/21/12 Order, presumably to reopen
the instant case and continue it until the 60(b) motion in the
state district court is decided.

### DISCUSSION

        In order to obtain reconsideration of the 11/21/12
Order, Plaintiffs' Motion "must accomplish two goals.  First, a
motion for reconsideration must demonstrate reasons why the court
should reconsider its prior decision.  Second, a motion for
reconsideration must set forth facts or law of a strongly
convincing nature to induce the court to reverse its prior
decision." See Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp.
429, 430 (D. Hawai`i 1996); accord Tom v. GMAC Mortg., LLC, CIV.
NO. 10-00653 SOM/BMK, 2011 WL 2712958, at *1 (D. Hawai`i July 12,
2011) (citations omitted).  This district court recognizes three
grounds for granting reconsideration of an order: "(1) an
intervening change in controlling law; (2) the availability of

4

new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178–79 (9th Cir. 1998)).  The District of Hawai`i has implemented these standards in Local Rule 60.1.[1] "Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

Plaintiffs' Motion seeks reconsideration on the ground that Plaintiff recently submitted a Rule 60(b) Motion for Relief from the state district court's Judgment for Possession in the ejectment action, pursuant to the Hawai`i District Court Rules of Civil Procedure.  However, the Plaintiffs' filing of the Motion for Relief does not materially alter the underlying facts of the case relevant to the Court's 11/21/12 Order.  Specifically, the filing of such a motion in state court does not represent a new material fact relevant to the Court's finding that the Plaintiffs' claims in the Verified Complaint are barred by the res judicata/claim preclusion effect of the ejectment action.

---

[1] Local Rule 60.1 provides, in part, that: "[m]otions for reconsideration of interlocutory orders may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; (c) Manifest error of law or fact."

Indeed, Rule 60(b) of the Hawai`i District Court Rules of Civil Procedure states that a motion made pursuant to that rule "does not affect the finality of a judgment or suspend its operation."

To the extent that Plaintiffs' Reply presents different variations of Plaintiffs' arguments, those arguments are not properly before this Court, as Plaintiffs should have raised the arguments in the Motion itself.  <u>See</u> Local Rule LR7.4 ("Any argument raised for the first time in the reply shall be disregarded.").  This Court therefore FINDS that Plaintiffs have not presented any ground warranting reconsideration of the 11/21/12 Order's ruling dismissing with prejudice Plaintiffs' Verified Complaint.

<u>**CONCLUSION**</u>

On the basis of the foregoing, Plaintiffs' Motion for Reconsideration of this Court's Order Granting Defendants' Motion to Dismiss Plaintiffs' Verified Complaint Filed June 4, 2012, filed December 5, 2012, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 18, 2013.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

SAMRIT OUNYOUNG, ET AL. V. FEDERAL HOME LOAN MORTGAGE CORPORATION, ET AL; CIVIL NO. 12-00322 LEK-KSC; ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' VERIFIED COMPLAINT