IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SAMRIT OUNYOUNG; AILYN T. OUNYOUNG, | ) ) ) | CIVIL 12-00322 LEK-KSC |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION; ONEWEST BANK FSB; DOES INCLUSIVE 1-100,, | ) ) ) ) | |
| Defendant. _____ | ) ) | |

**ORDER DENYING PLAINTIFFS' MOTION FOR
RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' VERIFIED COMPLAINT**

Before the Court is Plaintiffs Samrit Ounyoung and Ailyn T. Ounyoung's ("Plaintiffs") Motion for Reconsideration of the Court's Order Granting Defendants' Motion to Dismiss Plaintiffs' Verified Complaint Filed June 4, 2012 ("Motion"), filed on December 5, 2012.  Defendants Federal Home Loan Mortgage Corporation ("FHLMC") and Onewest Bank FSB ("Onewest", collectively, "Defendants") filed their memorandum in opposition to the Motion ("Memorandum in Opposition") on December 24, 2012, and Plaintiffs filed their reply to the Memorandum in Opposition ("Reply") on January 10, 2013.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting and

opposing memoranda, and the relevant legal authority, Plaintiffs' Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The relevant factual and procedural background in this case is set forth in this Court's November 21, 2012 Order Granting Defendants' Motion to Dismiss Plaintiff's Verified Complaint Filed June 4, 2012 ("11/21/12 Order"). 2012 WL 5880673.

Plaintiffs seek reconsideration of the 11/21/12 Order in which this Court concluded that all of Plaintiff's claims were barred by the res judicata/claim preclusion effect of the ejectment action in the state district court. First, the Court found that the state district court judgment was final: the state court granted summary judgment in favor of FHLMC on May 3, 2012 and issued a Judgment for Possession and a Writ of Possession on the same day. Actions in the state district courts are subject to appeal; however, neither the Plaintiffs nor any of the other respondents in the ejectment action filed a notice of appeal within thirty days. The Court therefore found that there was a final judgment in the ejectment action for res judicata/claim preclusion purposes. Id. at *4.

Second, the Court found that the parties in the instant case were the same as or in privity with the parties in the ejectment action: Plaintiffs and FHLMC were parties in the

ejectment action, and Onewest is in privity with FHLMC.  Id. at *5.

Third and finally, the Court found that the claim decided in the ejectment action was identical to the one presented in the instant case.  The ejectment action and the instant case involved the same series of connected transactions (i.e. Plaintiffs' alleged default on their loan, the foreclosure, and the purported new title-holder's attempt to take possession).  The Court rejected Plaintiffs' argument that the ejectment action and the instant case did not involve identical claims because FHLMC brought the ejectment action in a state district court, which did not have jurisdiction to decide the dispute over the propriety of FHLMC's title.  Plaintiffs could have raised the challenge to FHLMC's title, thus causing the district court to dismiss the ejectment action for lack of jurisdiction.  Id. at *5-6 (citing Haw. Rev. Stat. § 604-5(d)).  The Plaintiffs, however, failed to do so.  The Court thus found that, because Plaintiffs could have raised the title issues in the ejectment action, the identical claims requirement was satisfied.  As such, the Court found that res judicata/claim preclusion barred the Plaintiffs' claims and dismissed with prejudice the Verified Complaint.  Id. at *6.

In the instant Motion, Plaintiffs seek reconsideration of the 11/21/12 Order on the grounds that Plaintiffs have

submitted a Hawai`i District Court Rules of Civil Procedure Rule 60(b) Motion for Relief from Judgment to the North/South Kona Division of the Hawai`i Third Circuit Court requesting that the court vacate its earlier judgment granting FHLMC's Motion for Summary Judgment in the ejectment action.  Plaintiffs argue that the state district court case will likely be dismissed due to a lack of jurisdiction and that this Court should thus reconsider its 11/21/12 Order.  Plaintiffs therefore ask that this Court reverse its judgment in the 11/21/12 Order, presumably to reopen the instant case and continue it until the 60(b) motion in the state district court is decided.

## DISCUSSION

In order to obtain reconsideration of the 11/21/12 Order, Plaintiffs' Motion "must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  See Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`i 1996); accord Tom v. GMAC Mortg., LLC, CIV. NO. 10-00653 SOM/BMK, 2011 WL 2712958, at *1 (D. Hawai`i July 12, 2011) (citations omitted).  This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of

new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)).  The District of Hawai`i has implemented these standards in Local Rule 60.1.[1] "Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court."  Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

      Plaintiffs' Motion seeks reconsideration on the ground that Plaintiff recently submitted a Rule 60(b) Motion for Relief from the state district court's Judgment for Possession in the ejectment action, pursuant to the Hawai`i District Court Rules of Civil Procedure.  However, the Plaintiffs' filing of the Motion for Relief does not materially alter the underlying facts of the case relevant to the Court's 11/21/12 Order.  Specifically, the filing of such a motion in state court does not represent a new material fact relevant to the Court's finding that the Plaintiffs' claims in the Verified Complaint are barred by the res judicata/claim preclusion effect of the ejectment action.

---

[1] Local Rule 60.1 provides, in part, that: "[m]otions for reconsideration of interlocutory orders may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; (c) Manifest error of law or fact."

Indeed, Rule 60(b) of the Hawai`i District Court Rules of Civil Procedure states that a motion made pursuant to that rule "does not affect the finality of a judgment or suspend its operation."

To the extent that Plaintiffs' Reply presents different variations of Plaintiffs' arguments, those arguments are not properly before this Court, as Plaintiffs should have raised the arguments in the Motion itself.  See Local Rule LR7.4 ("Any argument raised for the first time in the reply shall be disregarded.").  This Court therefore FINDS that Plaintiffs have not presented any ground warranting reconsideration of the 11/21/12 Order's ruling dismissing with prejudice Plaintiffs' Verified Complaint.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion for Reconsideration of this Court's Order Granting Defendants' Motion to Dismiss Plaintiffs' Verified Complaint Filed June 4, 2012, filed December 5, 2012, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 18, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**SAMRIT OUNYOUNG, ET AL. V. FEDERAL HOME LOAN MORTGAGE CORPORATION, ET AL; CIVIL NO. 12-00322 LEK-KSC; ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' VERIFIED COMPLAINT**